JENNIE BURTON v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—532.]

**Challenges of Jurors in Misdemeanor Case.**

> One charged with keeping a bawdy house is entitled to challenge only three jurors peremptorily.

**Proof to Establish Charge of Keeping Bawdy House.**

> In the trial of one charged with keeping a bawdy house the state may prove the general reputation of the house, since this class of evidence is the best of which such a case is susceptible.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 9, 1882.

OPINION BY JUDGE HARGIS:

The indictment in this case is good. Its terms need not be recited in this opinion to demonstrate its sufficiency. It is only necessary to say that the offense of keeping a bawdy house is charged against the appellant, and the facts constituting the offense are alleged specially.

The challenge to the eleven jurors made by the appellant was not peremptory, but for cause which consisted in a supposed actual bias that prevented them from trying the case impartially. She was charged with a misdemeanor and was entitled to three peremptory challenges only, and there is nothing to show that this right was exercised by her or denied by the court; and as her challenge was for cause this court can not consider it because the decision of the circuit court thereon was not subject to exception. Crim. Code (1876), § 281.

There was no error in allowing the commonwealth to prove the general reputation of her house, as this character of evidence is

the best and almost the only evidence of which such a case is susceptible.

The plea in bar is unavailing here, as there is nothing in the transcript before us except the judgment of conviction, and we are unable to tell from that what period of time she was convicted for.

The court did right in adding the qualification to the instruction asked by appellant, as the instruction when qualified left the question of the appellant's guilt to the jury determined from all the evidence.

Wherefore the judgment is *affirmed*.

*Owen & Ellis, for appellant.*

*P. W. Hardin, for appellee.*